ORDER GRANTING DEFENDANT'S MOTION TO DISMISS
 I. INTRODUCTION
This matter comes before the court on the Motion to Dismiss of Defendant Multnomah County Assessor (the county) for lack of jurisdiction. Plaintiff Kami Gray (taxpayer) did not file a response.
 II. FACTS
Taxpayer appeals the real market value (RMV) for the 2006-07 tax year of residential real property identified in the county's records as Account R568338. (Compl at 1.) Taxpayer requests that the RMV of that property be reduced from $877,690 to $750,000. (Compl at 2.) Taxpayer did not appeal the RMV of the property to the Board of Property Tax Appeals (BOPTA). (Ex A to Compl at 1.) On November 8, 2007, Taxpayer filed an appeal in the Magistrate Division of this court. The county filed a Motion to Dismiss, which the magistrate granted. Taxpayer now appeals. *Page 2 
 III. ISSUE
Does the Tax Court have jurisdiction over this matter?
 IV. ANALYSIS
The county argues that under ORS 305.275,[1] the Tax Court does not have jurisdiction over the matter because taxpayer did not first appeal the 2006-07 tax year to BOPTA. In addition, the county argues that taxpayer does not fall into either of the exceptions to that rule, which are found in ORS 305.288.
The Oregon statutes set forth the procedure a taxpayer must follow in order to pursue an appeal of property tax valuation questions in the Tax Court. The general rules is that a taxpayer must appeal to BOPTA under ORS 309.100 before an appeal is allowed to the Tax Court. ORS305.275(3). Here, taxpayer did not appeal to BOPTA. Accordingly, unless taxpayer falls into an exception to the general rule, her appeal must be dismissed.
ORS 305.288 provides two exceptions to the general rule that a taxpayer must first appeal to BOPTA: one where a taxpayer alleges an error of twenty percent or more in the value of a residential dwelling, and another where there is good and sufficient cause for a taxpayer's failure to appeal to BOPTA.
The twenty percent rule is found in ORS 305.288(1), which states:
 "(1) The tax court shall order a change or correction applicable to a separate assessment of property to the assessment and tax roll for the current tax year or for either of the two tax years immediately preceding the current tax year, or for any or all of those tax years, if all of the following conditions exist:
 "(a) For the tax year to which the change or correction is applicable, the property was or is used primarily as a dwelling (or is vacant) and was and is a single-family dwelling, a multifamily dwelling of not more than four units, a condominium unit, a manufactured structure or a floating home. *Page 3 
 "(b) The change or correction requested is a change in value for the property for the tax year and it is asserted in the request and determined by the tax court that the difference between the real market value of the property for the tax year and the real market value on the assessment and tax roll for the tax year is equal to or greater than 20 percent."
Here, it is not disputed that the property is a residential condominium. The RMV on the roll is $877,690, and taxpayer asserts that that value should be decreased to $750,000. (Compl at 2.) The difference between those two values, $127,690, is less than twenty percent of $877,690. Accordingly, taxpayer does not fall within ORS 305.288(1). Taxpayer alleges in her complaint that there is a difference of twenty percent or more, but taxpayer is referring to the difference between her 2005-06 and 2006-07 tax liability. The twenty percent rule applies to the difference between the RMV on the roll and the taxpayer's asserted RMV. ORS 305.288(1).
The good and sufficient cause exception is found in ORS 305.288(3), which states:
 "The tax court may order a change or correction applicable to a separate assessment of property to the assessment or tax roll for the current tax year and for either of the two tax years immediately preceding the current tax year if, for the year to which the change or correction is applicable the assessor or taxpayer has no statutory right of appeal remaining and the tax court determines that good and sufficient cause exists for the failure by the assessor or taxpayer to pursue the statutory right of appeal."
For purposes of ORS 305.288, good and sufficient cause is an "extraordinary circumstance that is beyond the control of the taxpayer, or the taxpayer's agent or representative, and that causes the taxpayer, agent, or representative to fail to pursue the statutory right of appeal" and does not include "inadvertence, oversight, lack of knowledge, [or] hardship." ORS 305.288(5).
Taxpayer does not allege in her complaint any circumstances that would constitute good and sufficient cause for not pursuing an appeal to BOPTA. Indeed, she does not explain in any way her failure to appeal to BOPTA. Taxpayer had an opportunity to offer an explanation in the form of a response to the county's Motion to Dismiss, but she did not use that opportunity. *Page 4 
Accordingly, the court concludes that taxpayer does not fall within the ORS 305.288(3) exception. Because taxpayer falls into neither exception to the general rule that property tax appeals must be brought first to BOPTA, her appeal must be dismissed.
 V. CONCLUSION
The court does not have jurisdiction to hear taxpayer's appeal because she did not first appeal to BOPTA as required by ORS 305.275, and she does not fall into either exception to that rule found in ORS 305.288. Accordingly, her appeal must be dismissed. Now, therefore,
IT IS ORDERED that Defendant Multnomah County Assessor's Motion to Dismiss is granted.
[1] All references to the Oregon Revised Statutes are to the 2005 edition. *Page 1